THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JESÚS ABRÉU BENÍTEZ ET AL., Defendants and Appellants.

No. 12619. Argued November 10, 1947.—Decided December 12, 1947.

*Angel Roberto Díaz* and *R. Rivera Zayas* for appellants. *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras,. Prosecuting Attorney,* and *Alberto Picó Santiago, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Appellants were charged with a violation of Act No. 31 of April 29, 1943. The violation consisted in that on August

9, 1946, they, wilfully and maliciously, sold to Roberto Cruz one pound of rice for the price of eleven cents, which exceeds, according to the complaint, the maximum price (nine cents) set by § 4.4 of the Second Regulation of Revised Maximum Prices No. 183, promulgated by the Administrator of the Office of Price Administration.[1] The lower court sentenced each of them to pay a fine of $100 and to serve three months in jail.

 Appellants contend that Act No. 31 of April 29, 1943, is unconstitutional. However, it is unnecessary to consider that question as it was fully discussed and disposed of against appellants' contention in *People* v. *Camacho, ante,* p. 739.

 The other question raised by appellants, as pointed out by the *Fiscal* of this Court, although apparently directed against the sufficiency of the complaint, in reality challenges the sufficiency of the evidence.

The record shows that on the date alleged in the complaint Roberto Cruz went to the store of Jesús Abréu Benítez, defendant herein—whose clerk is the other defendant—and asked for one pound of rice; that they had on hand two-pound packages only; that the clerk opened one of them and sold the customer one pound of rice for which he charged eleven cents; that the purchaser immediately went to Police Headquarters and reported the case.

The question for decision is whether these facts constitute a public offense. The Regulation involved in this case (Exhibit 1 of The People), insofar as pertinent, provides:

---

[1] It is pertinent to state that § 2 of Act No. 31 of 1943 (Laws of 1943, p. 82) provides that every violation of any regulation, order or price list promulgated or adopted by the Office of Price Administration, under the Emergency Price Control Act of 1942, as amended, shall be a misdemeanor. Said section fixes the penalty for the violation of said regulation, order or price list.

"OFFICE OF PRICE ADMINISTRATION
BUREAU OF INFORMATION

San Juan, P. R.

"Maximum prices to consumer of some of the products of greater consumption controlled by O. P. A.

"August 8, 1946.

| Product | | | | | | Price to consumer |
|---------|---|---|---|---|---|-------------------|
| " * | * | * | * | * | * | * |
| " * | * | * | * | * | * | * |

"Rice (in bulk) _____ $.09 lb.
 " (in packages all imported trademarks: not exceeding 4% broken grain.

| " * | * | * | * | * | * | * |

"2 lb. packages_____ .21"

It is worthy of note that the Regulation, as it read on the date of the alleged violation, in setting the maximum price on rice in bulk did not take quality into account. The maximum price of rice in bulk, no matter the proportion of broken grains, was nine cents per pound. On the other hand, the Regulation on setting a price for rice in packages, provides that the amount of broken grains should not exceed 4 per cent. Therefore, the fact that the rice is in packages, not the quality thereof, was the basis for setting its price. Furthermore, the Regulation nowhere, impliedly or expressly, prohibited the opening of a package in order to sell a portion thereof.

The *Fiscal* urges that in any event appellants violated § 4.4 in selling the pound of rice at eleven cents instead of ten and one-half cents, which would be its lawful price, because ten and one-half cents is one half of the price set on a two-pound package. We do not agree in that defendants by charging eleven cents for one pound of packed rice, *wilfully* and *maliciously* violated the regulations, for it is customary in commerce in such case that the one-half cent be kept by the seller, since it can not be returned to the purchaser.

■ If the Office of Price Administration had in mind another interpretation for its regulations, it failed to express it clearly and defendants ought not to be punished for failing to guess the purpose that the Administrator had in mind but which he failed to convey. To this effect, § 26 of the Law of Evidence (§ 388 of the Code of Civil Procedure, 1933 ed.) provides.

"In the construction of a statute or instrument, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all."

The judgment shall be reversed and appellant acquitted.

Mr. Chief Justice Travieso did not participate herein.

Mr. Justice Snyder concurs in the result.